**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY NAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>GREAT LAKES FASTERNERS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: 5:25-CV-02664<br><br>JUDGE JOHN R. ADAMS<br><br>**MEMORANDUM OF OPINION AND ORDER** |

Pending before the Court is Defendants Great Lakes Fasteners, Inc., Kevin Weidinger, Brian Potaseawicz, and Charles O'Neill's ("Defendants") motion to dismiss for insufficient service of process pursuant to Fed.R.Civ. P. 12(b)(5) and 4(m). Doc. 10. Plaintiff Gregory Naylor did not oppose this motion. Upon review, the Court GRANTS the motion and DISMISSES the Amended Complaint.

## I. STANDARD OF REVIEW

Fed.R.Civ. P. 12(b)(5) allows a party to seek dismissal due to insufficient service of process. The timeframe required by Fed. R. Civ. P. 4(m) often guides a party's grounds for dismissal. Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

If the plaintiff does not show good cause, "the court retains discretion as to whether or not to enlarge that timeframe." *United States v. Oakland Physicians Med. Ctr*., LLC, 44 F.4th 565, 589-569 (6th Cir. 2022).

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendants argue in their Motion to Dismiss that Plaintiff's Amended Complaint should be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 4(m). Doc. 10. The Court agrees. Plaintiff filed his Complaint on December 12, 2025. Doc. 1. A summons was issued, yet Plaintiff made no attempts to serve the Complaint on Defendants. Doc. 10. On May 4, 2026, Plaintiff filed an Amended Complaint. Doc. 6. Plaintiff once again failed to take any action to serve the Amended Complaint. Doc. 10. The Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Plaintiff has failed to meet his burden.

Defendants also contend that they have not taken any action that may amount to waiving their jurisdictional defense. Doc. 10. "Defendants did not participate in any meritorious defense of the Complaint, correspondence with the Plaintiff, or take any other action that could be considered participating in this litigation" Doc. 10. "Without proper service of process, consent, waiver or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). Because Plaintiff failed to perfect service, and there is no indication that Defendants have waived personal jurisdiction, Defendants' Motion to Dismiss is granted.

**B. Plaintiff's Failure to Perfect Service**

Even if Plaintiff filed a timely response to Defendant's Motion to Dismiss, the Court still finds that Plaintiff failed to establish good cause for his failure to serve. Fed. R. Civ. P. 4(m). Plaintiff does not dispute that service was not made within 90 days and has failed to show good cause for failure to effect service within the time allotted, under Rule 4(m). Although this Court has the discretion to enlarge the time for effecting service, Plaintiff's inaction does not justify setting aside the requirement of dismissal under Rule 4(m).

The Sixth Circuit established a seven-factor test to determine whether a discretionary extension of time to perfect service is warranted in the absence of good cause:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr., LLC,* 44 F.4th at 569. While the applicable statute of limitations would bar Plaintiff from refiling his claims, the Court finds that the remainder of the *Oakland* factors weigh in favor of the Defendants, specifically factors one, two, three, and five. Service of process of Plaintiff's Amended Complaint on the Defendants should have been completed no later than August 3, 2026 (factor one). Granting an

extension would not only go well beyond this date but may also prejudice the Defendants due to the amount of time that has already lapsed since Plaintiff initially brought this case (factor two). There is no indication that Defendants had any actual knowledge of the lawsuit (factor three). Additionally, there is no record of any good faith effort made by the Plaintiff to effectuate proper service of process, nor has Plaintiff provided an explanation for their failure to do so. As such, Defendants' Motion to Dismiss is granted pursuant to Fed.R.Civ. P. 12(b)(5) and 4(m).

## III. CONCLUSION

Defendants' Motion to Dismiss is GRANTED. This matter is hereby DISMISSED in its entirety.

IT IS SO ORDERED.

November 24, 2026
Date

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT COURT